*DISMUKES & AL. vs. MUSGROVE.*

Proof of the signature of the witness to an i stru- ment does not establish that of the obligor.

APPEAL from the court of the eighth district.

PORTER, J. delivered the opinion of the court. The petitioners claim from the defendant certain slaves in her possession, to which they assert title in virtue of a deed of trust, executed by their father in the year 1811, by which a certain Champness Terry was created trustee, on condition of delivering the slaves and their increase to the petitioners when they came of age or married. Damages are also claimed by a supplemental petition for the defendant's having illegally entered into possession of the estate of Champness Terry, and intermeddled with it, and for the use of the slaves since they came into her possession.

The defendant pleaded that a judgment was rendered, in the state of Mississippi, against the estate of Champness Terry, the trustee, for the negroes claimed in this suit; that on said judgment an order of seizure was granted, by the judge of the 8th district, in favour of Andrew Dismukes, the assignee thereof; that after said judgment, a *transaction* was entered into with the assignee and the respondent, by which a final settlement was made of all matters arising in the present action.

She further pleaded, that the judgment in the state of Mississippi operates as *res judicata*, and that the plaintiffs are precluded by it from maintaining the present suit.

To her defence she added the general issue, and an exception to the jurisdiction of the court.

To the supplemental petitions, the defendant pleaded various dilatory exceptions,which were afterwards stricken out of the court, as being filed too late; and further averred that she held part of the negroes in her own right, and part under Robert Singleton, who was the legal proprietor thereof.

The answer closes by an allegation, that in consequence of the illegal sequestration sued

Eastern Dist. out in this case by the plaintiffs, she has sustain-
June, 1828.
ed damage to the amount of $5000, for which
DIS : KES
she claims judgment in reconvention.
MUSGROVE.

The cause was submitted to a jury in the court below, who found a verdict in favour of the defendant. The court confirmed it, and the plaintiffs appealed.

The defendant offered in evidence a paper purporting to be an assignment from Ephraim Dismukes to Andrew U. Dismukes, before a person who styled himself Thomas Batchelor, notary public in the county of Amite, state of Mississippi, which was opposed on the ground that the defendant offered no proof of the handwriting of Dismukes, and that proof of the handwriting of Batchelor was not the best the nature of the case admitted of. The court admitted the evidence, and the plaintiffs excepted.

This exception being before the court for the first time, the question whether proof of the handwriting of a witness be sufficient, when he is dead or absent, without proof of the signature of the party to the instrument which the witness's name is affixed to.

We have looked into the books to see how the law stands on this subject in England and

Eastern Dist.
*June,* 1828.

DISMUKES
& AL.
*vs.*
MUSGROVE.

our sister states, and we think the weight of authority, in the common law, is rather in favour of the opinion of the judge *a quo.*

But the rule is by no means perfectly settled. Starkie says, that when the absence of the subscribing witness is satisfactorily accounted for, the proper proof is by giving evidence of the handwriting of the attesting witness: and it is usual, in such cases, to give evidence also of the handwriting of the obligor.—*Starkie on Evidence, Par.* 2. 344.

In a note, however, to the work, he adds, it has been decided that, if the witness be alive, proof must be given of the hand writing of the obligor.    The case appears to be a very modern one.—3 *Maddocks,* 370.

In our sister states, the decisions are contradictory.    In New-York, Pennsylvania, Maryland, and North Carolina, the handwriting is sufficient.    In New-York, the rule is firmly established.    In Pennsylvania, the first time the question came before their supreme court, they decided that proof might be made of the handwriting of the witness, but left it unsettled whether proof of that of the obligor should not also be furnished; intimating, however, clearly, their opinion that establishing the latter would

Eastern Dist. be the best evidence. When the question
June, 1828.
 came again before them, they concluded that
DISMUKES
& AL. proof of the witness' handwriting was sufficient,
vs.
MUSGROVE. on the ground that it had been long the practice
in that state to receive it.—1 *Joh. cas.* 230, 4
*Joh.* 461; 3 *Burney,* 192; 6 *ibid.* 45; 1 *Har*
*& I.* 337; 1 *Haywood,* 238; 2 *Hay.* 27, 404

But in South Carolina, they require proof
of the writing of the obligor as well as the
witness.—1 *Bay.* 255; 2 *Bay.* 187.

And in the supreme court of the United
States, on an objection being taken that the
subscribing witness had not been produced,
the court said, "The proof offered was such
*as is required,* where a party to a deed, and
the subscribing witness, are dead, the hand
writing *of both* was proved.—8 *Wheaton* 283.

The doctrine, therefore, is not so well set-
tled as to prevent this court from applying to
the case those principles of law which, in
their judgment, should govern it.

The rule is, that the best evidence the case
is susceptible of should be produced. When
the subscribing witness is alive, or within the
process of the court, his testimony is the high-
est, and should be offered. When he is dead
or absent, proof of his handwriting is not the

best the case admits of, because such proof is Eastern Dist.
June, 1828.

DISMUKES
& AL.
vs.
MUSGROVE· presumptive evidence only. The instrument was signed by the obligor. The witness' signature may be genuine, and yet that of the party it attests, not so. In such case, it is the duty of him who offers the instrument, to prove the handwriting of the obligor. Establishing it, establishes the fact to be proved, and does not leave it (as in the case of proving the witness' signature) a matter of inference from another fact, with which it is probably, but not necessarily connected.

The only case that can readily be imagined where this rule would produce hardships, is that of a stranger, whose handwriting was little known, coming into the country and exacting obligations before witnesses who, after his departure, died. No general rule can be laid down, that will not do injury in some particular cases. But that just spoken of, in our judgment, is nothing, in comparison with the danger that might result from sanctioning the other doctrine. The facility of proving any instrument under it is obvious. Whether forged or not, nothing more is necessary than to procure a non-resident of the state to put his name to it as a witness; and thus, a paper false

Eastern Dist.
June, 1828.

DISMUKES
& AL.
vs.
MUSGROVE. in itself, might be established by proving no-thing but the truth in a court of justice.   If, to these considerations, we add that drawn from 2241 article of our code, which most plainly indicates the necessity of proving the hand-writing of the obligor, no doubt can exist of the conclusion to which we are compelled to come.

It is therefore ordered, adjudged and de-creed, that the judgment of the district court be annulled, avoided and reversed; and it is fur_ther decreed, that this cause be remanded for a new trial, with directions to the judge, not to admit a paper signed Ephraim Dismukes, on the proof of the handwriting of Thomas Batchelor; and it is further ordered, that the appellee pay the costs of the appeal.

*Hennen* for the plaintiffs.